(Sydney Rubin, Esq.) (M) THE PEOPLE OF THE STATE OF NEW YORK v. RALPH FRECCIA, JR. (John F. Lawton, Esq.) (N) THE PEOPLE OF THE STATE OF NEW YORK v. HENRY GONZALEZ. (Thomas Hartzell, Esq.) (O) THE PEOPLE OF THE STATE OF NEW YORK v. RICHARD A. HALL. (No counsel assigned.) (P) THE PEOPLE OF THE STATE OF NEW YORK v. EARL SHERWOOD KINNEY. (Edward J. Murty, Jr., Esq.) (Q) THE PEOPLE OF THE STATE OF NEW YORK v. THOMAS MEERS. (Appeal from order of Dec. 4, 1961. No counsel assigned.) (R) THE PEOPLE OF THE STATE OF NEW YORK v. HERBERT PARKER. (Thornton G. Edwards, Esq.) (S) In the Matter of MARTIN SOSTRE v. WALTER H. WILKINS, as Warden of Attica Prison, and Paul D. McGinnis, as Commissioner of Correction of New York. (Joseph M. Augustine, Esq.) (T) THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK D. THOMAS v. WALTER H. WILKINS, as Warden of Attica Prison. (Edward L. Keenan, Esq.) (U) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM M. WADDINGHAM. (F. James Kane, Jr., Esq.) (V) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT WESSER and WILLIAM WESSER v. WALTER H. WILKINS, as Warden of Attica Prison. (James J. McLoughlin, Esq.) (W) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT WILLIAMSON v. ROBERT E. MURPHY, as Warden of Auburn Prison. (John F. K. Cassidy, Esq.) (X) THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT BURNEY. (Richard E. Moot, Esq.) (Y) THE PEOPLE OF THE STATE OF NEW YORK v. LOUIS PORTER. (Counsel not assigned.) (Z) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH BARNES v. WALTER H. WILKINS, as Warden of Attica Prison.) (Carlton F. Messinger, Esq.) (AA) THE PEOPLE OF THE STATE OF NEW YORK v. BRUCE MCCOY. (Robert Craig, Esq.) (BB) THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE HUNT v. WALTER H. WILKINS, as Warden of Attica Prison. (Robert H. Miltenberger, II, Esq.) (CC) THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH V. AUGELLO. (James L. Magavern, Esq.) (DD) THE PEOPLE OF THE STATE OF NEW YORK v. CHARLES BARONE. (Anne M. Mack.) (EE) THE PEOPLE OF THE STATE OF NEW YORK v. ELROY E. AMOS. (Charles J. Yorkey, Esq.) (FF) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN LEWIS ENGLISH. (Thomas J. Murphy, Esq.) (GG) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESSE L. HUGHES, JR. v. ROBERT E. MURPHY, as Warden of Auburn Prison. (Robert N. Primo, Esq.) (HH) THE PEOPLE OF THE STATE OF NEW YORK v. LOUIS ALLEN LE VESQUE. (Edmund Jesche, Esq.) (II) THE PEOPLE OF THE STATE OF NEW YORK v. ALBERT J. MARRONE. (John A. Longeretta, Esq.) (JJ) THE PEOPLE OF THE STATE OF NEW YORK v. ROYCE ALFRED PERRY. (William Hoag, Esq.) — [In each action] Motion granted to prosecute appeal on original record, typed briefs, and counsel assigned.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL P. BERRY v. ROBERT E. MURPHY, as Warden of Auburn Prison. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES MASON v. WALTER H. WILKINS, as Warden of Attica Prison. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. PARKER v. WALTER H. WILKINS, as Warden of Attica Prison. (D) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM PRINCE v. WALTER H. WILKINS, as Warden of Attica Prison. (E) THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH G. ROLESON v. WALTER H. WILKINS, as Warden of Attica Prison. (F) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES DAVID SCHULTZ v. WALTER H. WILKINS, as Warden of Attica Prison. (G) THE PEOPLE OF THE STATE OF NEW YORK v. HARRY THOMAS. (H) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES WILLIAMS v. WALTER H. WILKINS, as Warden of Attica Prison. (I) THE PEOPLE OF THE STATE OF NEW

YORK v. ARTHUR YOX.— [In each action] Motion to prosecute appeal as poor person, and for other relief, denied.

■ ABILITY SANITATION CORP., Respondent, v. THEODORE BONNEY, Appellant.— Appeal dismissed unless records and briefs are filed and served on or before March 5, 1962.

■ COMMERCIAL CREDIT CORPORATION, Respondent, v. PAUL L. PAGLIA et al., Defendants and ALFRED PAGLIA, Doing Business as PAGLIA PONTIAC SALES & SERVICE, Appellant. COMMERCIAL CREDIT CORPORATION, Respondent, v. MARY L. PAGLIA, Defendant, and ALFRED PAGLIA, Appellant.— Appeal dismissed for failure to comply with previous order.

■ DAIRYMEN'S LEAGUE COOPERATIVE ASSOCIATION, INC., Respondent, v. F. A. CONRAD, Individually and as President of Milk Drivers and Dairy Employees Union Local No. 338, et al., Appellants.— Motion for a stay denied.

■ JOSEPH P. D'ANGELO, Respondent, v. JEANETTE E. GREENBERG, Doing Business as ATLANTIC HEATING & EQUIPMENT CO., Appellant.— Time for argument of appeal extended on condition appellant's briefs are filed and served on or before March 5, 1962.

■ CHARLES J. L. SIMON, as Executor of GEORGE A. SIMON, Deceased, Respondent, v. EMERGENCY HOSPITAL OF THE DIOCESE OF BUFFALO, Appellant, et al., Defendant.— Appeal dismissed unless records and briefs are filed and served on or before March 5, 1962.

■ JOHN DEERE COMPANY OF SYRACUSE, INC., Respondent, v. ROBERT D. HENRY, Appellant.— Motion to dismiss appeal denied.

■ FRANK J. KUSS, Individually and as Guardian ad Litem of STEVEN A. KUSS, an Infant, Appellant, v. ALBERT WEISS, Respondent. (FRANK J. KUSS, Individually and as Guardian ad Litem of STEVEN A. KUSS, an Infant, Appellant, v. JACK M. TAYLOR, Respondent.) — Motion granted to extent appeal may be prosecuted on one typewritten stenographic transcript, five typewritten copies of judgment roll and five typewritten appellant's briefs, and otherwise motion denied.

■ GEORGE A. REYNOLDS, as Administrator of the Estate of SUZAN REYNOLDS, Deceased, Appellant, v. CAROL CASTOR et al., Respondents.— Motion granted to the extent of permitting plaintiff to appeal on one original typewritten copy of the record and five typewritten briefs. This relief is granted upon the assumption, although it does not clearly appear in the moving papers, that the appellant has obtained or may obtain at his own expense, a copy of the stenographer's transcript of the trial.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE BARTLAM v. ROBERT E. MURPHY, as Warden of Auburn Prison. (B) THE PEOPLE OF THE STATE OF NEW YORK v. FRANK GATTI.— [In each action] Motion granted and time for argument of appeal enlarged to include March 1962 Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS PANEPINTO, Appellant.— Motion to dismiss appeal denied and time for argument of appeal enlarged to include May 1962 Term, on condition records and appellant's briefs are filed and served on or before April 2, 1962.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MEERS, Appellant.—

Memorandum: We have passed upon the very question that is here presented in *People ex rel. Meers* v. *Martin* (4 A D 2d 659, affd. 4 N Y 2d 898). The only distinction is that the former appeal was from an order sustaining a writ of habeas corpus, and this is a request to appeal as a poor person in *coram nobis*. However, the procedural differences would not in any way affect our decision upon the facts, and further, as no jurisdictional question is presented